**Abram CHASINS, Plaintiff,**

v.

**SMITH, BARNEY & CO, Incorporated,
Defendant.**

**No. 66 Civ. 1578.**

United States District Court
S. D. New York.

Nov. 21, 1969.

Graubard & Moskovitz, New York City,
for plaintiff; Leonard Holland, Edward M. Rosenfeld, New York City, of
counsel.

Sullivan & Cromwell, New York City,
for defendant; Marvin Schwartz, Michael M. Maney, New York City, of counsel.

SUPPLEMENTAL MEMORANDUM

BONSAL, District Judge.

By decision filed on September 30, 1969, 305 F.Supp. 489, following a non-jury trial, the court dismissed all of plaintiff's claims except those relating to plaintiff's purchases in 1961: Tex-Star Oil & Gas Corp., Welch Scientific Co., and Howard Johnson Co. With respect to these transactions, while defendant disclosed to plaintiff that it was selling him the shares as principal and not as agent, it failed to disclose to plaintiff that it was making an over-the-counter market in the securities. Plaintiff did not learn of this fact until after he had sold the securities, incurring a loss of $18,614.64. The court found for the plaintiff in this amount, with interest from June 28, 1962.

Defendant now moves, pursuant to F.R.Civ.P. 52(b) and 59, for an order amending the court's findings and dismissing these claims, or, in the alternative, for a new trial. Defendant's motions are denied.

Defendant contends that neither Sections 10(b) nor 15(c) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78o(c) respectively), nor Rules 10b–5 or 15c–1 (17 C.F.R. 240.10b–5 and 240.15c–1, respectively), required such disclosure. The court does not agree. The statute and rules are directed against any "manipulative, deceptive, or other fraudulent device or contrivance." The rules do not purport to be all-inclusive as to what is meant by such devices or contrivances. Concededly, Rule 15c–1—4 (17 C.F.R. § 240.-15c–1—4) required defendant to tell plaintiff it was selling as principal. With this knowledge, plaintiff was entitled to assume that the price he paid was determined in a market of willing sellers and willing buyers, and not a price determined by his broker. Here the price was fixed by the judgment of the broker and not the interplay of the market.

Rule 15c–1—4 requires that a broker disclose when he is acting as a dealer for his own account. The confirmation slips furnished plaintiff state merely, "As principal and for our own account we have sold to you." This does not convey the information required by the rules that defendant was a dealer, which would mean that it was both buying and selling the stock for its own account, "making a market" in the securities. Indeed, it conveys the impression that defendant had purchased a block of the securities and was selling part of it to plaintiff at the then prevailing market price, when, in fact, defendant was acting as a dealer for its own account.

■ The making of a market in over-the-counter securities is a recognized practice in the securities business, and information as to who is making the market and at what prices may be obtained through the quotations filed by brokers with the National Quotation Bureau, Inc. and published by it (the pink sheets). However, this information was not furnished to the plaintiff when he made his purchases. Indeed, at least from June 30, 1961 defendant was making a market in each of the three stocks. The fact that other brokers may have also been making a market or that defendant may not have been the dominating factor in the market makes no difference since plaintiff was not aware of it. Nor was plaintiff aware of the defendant's policy that he would not pay more for the stock than if he had purchased through regular brokerage channels.

In its letter to plaintiff of July 14, 1961, defendant recommended that plaintiff buy each of the three stocks, Howard Johnson Co., Tex-Star Oil & Gas Corp., and Welch Scientific Co. After discussing the stocks, the letter states with regard to Welch Scientific Co. stock, "We consider the stock attractive and advise purchase for aggressive accounts," and with regard to Howard Johnson Co. stock, "We consider it an attractive purchase for above average gain prospects." Enclosed with the letter was a Smith, Barney Research Department Study of Tex-Star Oil & Gas Corp., which states that "We continue to regard the common stock as an attractive long term speculation." Defendant was actively promoting the purchase of the three stocks by plaintiff while failing to disclose to him that it was making a market in them.

At the trial, defendant established that plaintiff's account was not a discretionary account but an account in which the plaintiff made the investment decision. This being the case, there was all the more reason that plaintiff should have been informed of the material factors on which his judgment would be based.

■ Defendant also seeks a reduction of the damages on the ground that plaintiff's purchases were made at or about the price charged by other brokers at the time who were making a market in the securities. However, plaintiff's damages should be fixed as of the time plaintiff became aware that the material facts had not been disclosed to him. In this case, plaintiff did not become aware

until after he sold the securities at a loss, so that the difference between his purchase price and sale price is the proper measure of damages.

Defendant's motion to amend the court's findings and dismiss these claims, or in the alternative for a new trial is denied.

It is so ordered.